UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § | Case 3-18-cr-356-S |
| v. | § § | |
| THOMAS D. SELGAS (1)<br>MICHELLE L. SELGAS (2)<br>JOHN GREEN (3) | § § § | |

**DEFENDANTS' MOTION TO SUBMIT SUPPLEMENTAL JUROR QUESTIONNAIRE**

TO THE HONORABLE COURT:

COMES NOW, TOM SELGAS, MICHELLE SELGAS AND JOHN GREEN ("Defendants"), by and through undersigned counsel, Michael Louis Minns, Ashley Blair Arnett, John Helms and Mick Mickelson and respectfully moves this Court to supplement the Court's written questionnaire, and (2) subsequently distribute the completed questionnaires to counsel for the parties well enough in advance of voir dire to allow counsel to effectively and efficiently attempt to seat a jury in this case. Defendant will supplement this Motion with a proposed supplemental Juror Questionnaire.

**INTRODUCTION**

The Defendants are charged in a 3 count 14-page indictment. The Defendants have been charged with conspiracy to defraud the Government in violation of 18 U.S.C. § 371 and Evasion of Payment in violation of 26 USC § 7201. Trial in this matter is set for September 23, 2019. An exhaustive inquiry into each potential juror's qualifications is Defendant's only hope for seating a fair and impartial jury.

**ARGUMENT**

By granting this Motion and requiring each potential juror to complete the proposed questionnaire, this Court can take a significant step toward ensuring that the specific rights guaranteed a defendant are exercised in an informed and meaningful fashion in this case.

The information derived from a questionnaire should expedite voir dire, ensure proper excusal for cause, promote the judicious use of peremptory challenges, and reduce the likelihood of prejudicial error. The questionnaire as such will not only benefit both the defense and the Government in ensuring that a qualified jury is chosen, it is a prerequisite for preserving any possibility that a fair and impartial jury can be seated. The federal courts have consistently found. *See, e.g.*, *Ramirez v. Stephens*, 641 F. App'x 312, 323 (5th Cir.) (citing with approval trial counsel's use of juror questionnaires to explore prospective jurors views on death penalty, which questionnaires were specific, extensive, and "designed to identify and eliminate jurors who would not be able to fully and fairly consider future dangerousness and mitigation"), *cert. denied sub nom. Ramirez v. Davis*, 137 S. Ct. 279, 196 L. Ed. 2d 58 (2016); *Mobley v. United States*, 379 F.2d 768 (5th Cir. 1967) (information on jury questionnaires was valuable to attorneys' and court's consideration). *See also United States v. Fastow*, 292 F. Supp. 2d 914 (S.D. Tex. 2003) (ordering use of juror questionnaire, to be completed by potential jurors in advance of trial, after which court and counsel for both parties would confer and parties could agree to dismiss prospective jurors based on answers provided in questionnaires).

Use of a questionnaire allows a prospective juror an adequate opportunity to reflect on very personal and complex issues. Not only does the use of a questionnaire permit prospective jurors to expend considerable time thinking about and formulating meaningful responses to the written questions posed, but prospective jurors who are exposed to questionnaires are more likely to give thoughtful, honest, and reflective answers to oral questions posed to them during the voir dire

process. Specific, meaningful questions presented in a personal manner may reveal biases that the prospective juror does not even recognize.

## CONCLUSION

A juror questionnaire will provide information necessary to ensure that no improper bias or prejudice undermines Defendant's right to a fair trial. For all of these reasons, Defendants respectfully requests that the Court allow the use of the supplement juror questionnaire.

Respectfully submitted on July 12, 2019.

        MINNS & ARNETT

        */s/ Michael Louis Minns*
        Michael Louis Minns
        State Bar No. 14184300
        mike@minnslaw.com
        Ashley Blair Arnett
        State Bar No. 24064833
        ashley@minnslaw.com
        9119 S. Gessner, Suite 1
        Houston, Texas 77074
        Telephone: (713) 777-0772
        Telecopy: (713) 777-0453
        **Attorneys for John Green**

## CERTIFICATE OF CONFERENCE

The Government defers to the Court's policy.

        */s/ Michael Louis Minns*
        Michael Louis Minns
        **Attorney for Defendant, John Green**

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 12th day of July 2019, a true and correct copy of the above and foregoing instrument was served upon all counsel of record.

    /s/ Ashley Blair Arnett
Ashley Blair Arnett
***Attorney for Defendant, John Green***