# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIM. ACTION NO. 3:18-CR-0356-S |
| | § | |
| THOMAS SELGAS (01) | § | |
| MICHELLE SELGAS (02) | § | |
| JOHN GREEN (03) | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants Michelle Selgas and John Green's Motion to Dismiss [ECF No. 111] and Joint Motion to Dismiss Based on Statute of Limitations [ECF No. 116]. For the following reasons, the Court denies the Motions.

### I. BACKGROUND

In this criminal action, the Government alleges that Defendants Michelle Selgas ("Selgas") and John Green ("Green") (collectively, "Defendants") conspired to defraud the Government of tax revenue, and that Selgas attempted to evade tax payment for the 1998 to 2001, and 2005 tax years.[1] *See* ECF No. 1 ("Indictment") ¶¶ 12-47, 50-51. According to the Indictment, Selgas and Green continued the conspiracy and tax evasion through the Summer 2017. *See id.* ¶¶ 37, 41. The alleged scheme involved, among other things: (1) underreporting the income of a partnership; (2) converting cash proceeds into gold coins; and (3) using Green's Interest on Lawyers Trust Accounts ("IOLTAs") to pay Selgas's personal expenses. *See id.* ¶¶ 4-5, 21, 23-27, 32, 39-41. Defendants filed the pending Motions on December 12, 2019, and December 17, 2019, respectively, which are now fully briefed and before the Court.

---

[1] Although the Indictment also charges Thomas Selgas with conspiracy and tax evasion, *see* Indictment ¶¶ 12-49, Thomas Selgas did not join the pending Motions. Accordingly, the Court does not address the sufficiency of the Indictment as it pertains to him.

## II. ANALYSIS

### A. *Timeliness*

Under Federal Rule of Criminal Procedure 12(c)(1), the Court "may . . . set a deadline for the parties to make pretrial motions." "If a party does not meet the deadline" the Court prescribed, "the motion is untimely," but the Court may consider an untimely "defense, objection, or request if the party shows good cause." FED. R. CRIM. P. 12(c)(3). In the present case, the Court required the parties to file all pretrial motions by July 12, 2019. *See* ECF No. 49. Nonetheless, Defendants filed the present Motions five months after the deadline—on December 11, 2019, and December 17, 2019. *See* ECF Nos. 111, 116. Moreover, Defendants did not move for an extension of this deadline or attempt to justify the belated filing. Accordingly, the Court denies the Motions because they are untimely, and Defendants did not provide any excuse for the delay. *See United States v. Williams*, 774 F. App'x 871, 876 (5th Cir. 2019).

### B. *Sufficiency of the Indictment*

Even if Defendants timely filed their Motion challenging the sufficiency of the Indictment, *see* ECF No. 111, the Court would deny this Motion. An indictment is sufficient where it "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)). "Generally, an indictment [that] follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged." *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (quoting *United States v. Ramirez*, 233 F.3d 318, 323 (5th Cir. 2000)). When the court decides a motion to dismiss the indictment for failure to state an offense, it must "take the allegations of the indictment as true and . . . determine whether an offense has been stated." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). In the

present case, Defendants challenge the sufficiency of the Indictment because the Government's evidence "is nothing but speculation," the Government did not obtain a proper tax assessment against Selgas, and "the Government has produced insufficient . . . evidence to support the indictment." ECF No. 111 at 1-2. The Court disagrees with these arguments.

First, the Court finds that the Indictment should not be dismissed solely because the Government may not have obtained a formal assessment of taxes against Defendants. *See* ECF No. 111 at 2. A "formal assessment" of a tax is not required to sustain a conviction for a conspiracy under 18 U.S.C. § 371, *see United States v. Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019) (citations omitted) (setting forth the elements of a conspiracy charge), or for tax evasion under 26 U.S.C. § 7201, *see United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006) (quoting *United States v. Hogan*, 861 F.2d 312, 315 (1st Cir. 1988)).

Second, the Court finds that the Motion is premature insofar as it asserts that the Government lacks the evidence to obtain a conviction. *See* FED. R. CRIM. P. 29(a) (requiring a motion for acquittal based on insufficiency of the evidence to be made "[a]fter the [G]overnment closes its evidence or after the close of all the evidence"). Defendants' disagreement with the allegations in the Indictment is insufficient to warrant its dismissal. Rather, when analyzing the sufficiency of the indictment, the Court must accept the allegations of the indictment as true. *Kay*, 359 F.3d at 742. In fact, the Court "must deny a motion to dismiss [the indictment] if the motion relies on disputed facts." *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)). Here, the Indictment sets forth in substantial detail the manner and means of the alleged conspiracy to defraud the Government and of the alleged tax evasion. *See* Indictment ¶¶ 12-47, 50-51. Moreover, the Indictment follows the language of 18 U.S.C. § 371 and 26 U.S.C § 7201. Therefore, the Court finds that the

3

Indictment sufficiently states the charges against Defendants. *See Thomas*, 348 F.3d at 82. Accordingly, the Court denies Defendants' Motion to Dismiss. *See* ECF No. 111.

### C. *Statute of Limitations*

Even if the Court found that Defendants timely filed their Joint Motion to Dismiss Based on Statute of Limitations, *see* ECF No. 116, the Court would still deny this Motion because the Government timely brought the Indictment.

Both a conspiracy charge under 18 U.S.C. § 371 and a tax evasion charge under 26 U.S.C. § 7201 are subject to a six-year statute of limitations. *See United States v. Heard*, 709 F.3d 413, 427 (5th Cir. 2013) (citations omitted); *United States v. Irby*, 703 F.3d 280, 284 (5th Cir. 2012). The limitations period for a conspiracy charge begins to run "from the last overt act of the conspiracy alleged in the indictment and proved at trial.'" *United States v. Hobbs*, Nos. 4:13-CV-222-A, 4:11-CR-151-A-2, 2013 WL 3356288, at *4 (N.D. Tex. July 2, 2013) (quoting *United States v. Mann*, 161 F.3d 840, 856 (5th Cir. 1998)). The limitations period for tax evasion begins to run from the latter of: (1) the defendant's willful failure to file a tax return; or (2) a defendant's last act of evasion. *See Irby*, 703 F.3d at 284. The Indictment in this case alleges that Selgas and Green engaged in overt acts in furtherance of the conspiracy and tax evasion through the Summer 2017. *See* Indictment ¶¶ 37, 41, 46-47. As the Indictment states that the last act of evasion and overt act in furtherance of the conspiracy occurred in Summer 2017, the Government timely brought the Indictment on July 18, 2018.

Finally, the Court denies the Motion insofar as it seeks a dismissal of the Indictment due to unnecessary delay under Federal Rule of Criminal Procedure 48(b). In general, "Rule 48(b) does not *require* dismissal absent a. . . . violation" of the Sixth Amendment's guarantee of a speedy trial, *United States v. Garcia*, 995 F.2d 556, 561 n.8 (5th Cir. 1993), and there is "no [S]ixth [A]mendment right to a timely indictment." *United States v. Carlock*, 806 F.2d 535, 549 (5th Cir.

4

1987). Moreover, while the Court may dismiss an indictment where the delay was "purposeful or oppressive," *United States v. Acuna*, 502 F. Supp. 2d 521, 527 (W.D. Tex. 2007) (quoting *United States v. Sears, Roebuck & Co.*, 877 F.2d 734, 739 (9th Cir. 1989)), Defendants did not demonstrate that the Government engaged in any misconduct that would warrant the dismissal of the Indictment. Rather, Defendant's sole basis for dismissal is the purported "substantial delay in bringing an indictment." ECF No. 116 at 4. However, "[d]elays of almost five years have been found not to violate Rule 48(b) in conspiracy cases," *United States v. Harrison*, 918 F.2d 469, 474 (5th Cir. 1990) (collecting authorities), and, in this case, the Government brought the Indictment within a year of the last alleged criminal act. This minor delay does not warrant the dismissal of the indictment under Rule 48(b). Consequently, the Court denies the Joint Motion to Dismiss Based on Statute of Limitations. *See* ECF No. 116.

### III. CONCLUSION

For the reasons discussed above, the Court denies the Motion to Dismiss and the Joint Motion to Dismiss Based on Statute of Limitations.

**SO ORDERED.**

SIGNED December 27, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**