# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §    CRIM. ACTION NO. 3:18-CR-0356-S |
| | § |
| THOMAS D. SELGAS (1) | § |
| JOHN O. GREEN (3) | § |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants John Green's and Thomas Selgas's Motions for a Judgment of Acquittal under FED. R. CRIM. P. 29 (the "Motions for Acquittal") [ECF Nos. 209, 212] and Motions for a New Trial under FED. R. CRIM. P. 33 (the "Motions for a New Trial") [ECF No. 210, 213].[1] For the following reasons, the Court **DENIES** these Motions.[2]

### I.   BACKGROUND

As the present criminal action is the subject of multiple prior opinions of this Court, *see United States v. Green*, Crim. A. No. 3:18-CR-356-S, 2019 WL 6529446 (N.D. Tex. Dec. 4, 2019); *United States v. Selgas*, Crim. A. No. 3:18-CR-356-S, 2019 WL 7284123 (N.D. Tex. Dec. 27, 2019), the Court will not revisit the facts underlying this case.

This case was tried between January 7 and 15, 2020. A unanimous jury found Defendants John Green ("Green") and Thomas Selgas ("Selgas") guilty of Conspiracy to Defraud the United States, and additionally found Selgas guilty of Evasion of Payment for Tax Years 1998 through 2002 and 2005. *See* ECF No. 174 (Court's Charge to the Jury); ECF No. 184 (Verdict of the Jury);

---

[1] The Court grants Defendants' Motions for Leave to File Replies [ECF Nos. 219, 220, 226, 227], and has considered the Replies when resolving the present Motions for Acquittal and Motions for a New Trial.
[2] The Court addresses Defendants' Motions together because Defendants incorporated by reference each other's arguments. *See* ECF No. 209 at 7; ECF No. 212 at 1.

ECF Nos. 200-208 (trial transcripts). Thereafter, Green and Selgas timely filed the pending Motions for Acquittal and Motions for a New Trial, which are now ripe and before the Court.

## II. ANALYSIS

### A. *Motions for Acquittal*

"A motion for judgment of acquittal [under FED. R. CRIM. P. 29] challenges the sufficiency of the evidence to convict," and the "sufficiency of the government's evidence" is "[t]he only proper basis for [such a] motion."[3] *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (citations omitted). The district court must "weigh all evidence in the light most deferential to the verdict rendered and assess whether a reasonable jury could have properly concluded, weighing evidence in the light most deferential to the verdict rendered . . . , that all of the elements of the crime charged had been proven beyond a reasonable doubt." *Id.* at 227-28 (quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005)); *United States v. Gentry*, 941 F.3d 767, 785 (5th Cir. 2019) (quoting *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017)). The Court should not weigh the evidence or assess witness credibility, because "the weighing of evidence and the assessment of witness credibility 'is solely within the province of the jury.'" *United States v. Smith*, 739 F.3d 843, 845 (5th Cir. 2014) (quoting *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992)). "The evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilt, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*,

---

[3] Selgas's Motion for Acquittal also appears to challenge the sufficiency of the indictment. *See* ECF No. 212 at 21-25. A motion to challenge a defect in the indictment, however, must be made before trial. *See* FED. R. CRIM. P. 12(b)(3). Accordingly, Selgas's Motion is untimely to the extent it seeks dismissal of the indictment for failure to allege a necessary element of a conspiracy. *See id.* 12(c)(3); *United States v. Williams*, 774 F. App'x 871, 876 (5th Cir. 2019). Regardless, the Court finds that the Indictment was sufficient because it "contain[ed] the elements of the offense charged and fairly inform[ed] [Selgas] of the charge against which he must defend." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)). The Court will consider Selgas's arguments as a challenge to the sufficiency of the evidence on the conspiracy count.

2

700 F.3d 755, 760 (5th Cir. 2012) (citing *United States v. Faulkner*, 17 F.3d 745, 768 (5th Cir. 1994)). In the instant case, Selgas and Green challenge the sufficiency of the evidence on the conspiracy and tax evasion charges. Additionally, Green asserts that the conspiracy charge is barred by the applicable statute of limitations.

### (1) *Sufficiency of the Evidence of a Conspiracy*

To prove a conspiracy under 18 U.S.C. § 371, the Government must prove: (1) "an agreement to commit the fraud offense"; (2) "the defendants' knowledge of the unlawful objective and willful agreement to join the conspiracy"; and (3) "an overt act by a member of that conspiracy to further the unlawful goal." *United States v. Hoffman*, 901 F.3d 523, 542 (5th Cir. 2018) (citing *United States v. Mauskar*, 557 F.3d 219, 229 (5th Cir. 2009)), *cert. denied*, 139 S. Ct. 2615 (2019). Weighing all evidence in the light most favorable to the verdict reached, the Court finds that a rational jury could have properly concluded that the Government proved all of these elements beyond a reasonable doubt.

#### a. *Agreement*

"For the evidence to sustain the conviction, it is not necessary that the evidence show an express or formal agreement; evidence of 'a tacit understanding is sufficient.'" *United States v. Aubin*, 87 F.3d 141, 145 (5th Cir. 1996) (quoting *United States v. Hopkins*, 916 F.2d 207, 212 (5th Cir. 1990)).

> The agreement necessary to establish the existence of a conspiracy can be established by circumstantial evidence: [w]here the circumstances are such as to warrant a jury in finding that the conspirators had a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement, the conclusion that a conspiracy is established is justified.

*Hopkins*, 916 F.2d at 212 (alteration in original) (quoting *Am. Tobacco Co. v. United States*, 328 U.S. 781, 810 (1946)). Thus, the evidence is sufficient for a jury to find the existence of an

agreement proved beyond a reasonable doubt where the alleged coconspirators had meetings and were jointly involved in the alleged overt acts in furtherance of the conspiracy. *See id.* at 213.

In the present case, the evidence at trial showed, among other things, that: (1) a partnership of which Selgas was a partner received substantial funds from settling several lawsuits, *see* Trial Tr. vol. 3, 39:3-9; (2) the partnership's income should have been reported as ordinary income to the partnership, such that the partners would receive corresponding tax forms reflecting their share of the income, *see id.* at 39:7-16; (3) Green and Selgas had meetings where they discussed underreporting proceeds of these settlements to the IRS in purportedly "lawful" dollars that were based on the face value of gold, *see, e.g.*, Trial Tr. vol. 8, 62:1-5; (4) Green and Selgas were involved in preparing a tax return that substantially underreported the settlement income in reliance on the same gold-value theory, *see* Gov't Ex. 10A; (5) Green and Selgas prepared a tax statement that reported Selgas's share of the settlement—approximately $1.5 million—as $178,640 in purportedly "lawful" dollars, *see* Gov't Ex. 11; (6) Green testified that he became involved with "gold coin tax filing" after beginning to deal with Selgas, *see* Trial Tr. vol. 8, 96:11-22; (7) Selgas routinely used Green's Interest On Lawyer's Trust Accounts ("IOLTAs"), *see* Gov't Exs. 302-07, which the Government contended hindered the lawful functions of the IRS, *see* Trial Tr. vol. 4, 22:8-35:8; and (8) Green admitted that he accompanied Selgas on his attempts to pay his taxes in gold coins, *see* Trial Tr. vol. 8, 17:10-21:14. A rational jury could infer from these facts that Green and Selgas "had a unity of purpose or a common design and understanding," and, therefore, that there was an agreement to defraud the United States. *Hopkins*, 916 F.2d at 212.

        b.    *Knowingly and Willfully*

To convict a defendant of a conspiracy to defraud the United States, the Government must prove beyond a reasonable doubt that the defendant knew the unlawful objective and willfully agreed to join the conspiracy. *See Hoffman*, 901 F.3d at 542 (citation omitted). To find that an

4

act was done "knowingly," the Government must prove that the act "was done voluntarily and intentionally, not because of mistake or accident." *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998). To find that an act was done "willfully," in turn, the Government must prove that "the act was committed voluntarily and purposely with the specific intent to do something that the law forbids; that is to say, with a bad purpose either to disobey or disregard the law." *Id.*; *see also United States v. Thompson*, 761 F. App'x 283, 292-93 & n.44 (5th Cir. 2019). Proof of the requisite intent may be established by circumstantial evidence, *see, e.g., United States v. Schmick*, 904 F.2d 936, 941 (5th Cir. 1990), and the Government does not need to prove that each defendant knew all the details of the conspiracy, *see United States v. Parrish*, 736 F.2d 152, 157 (5th Cir. 1984).

Weighing all evidence in the light most deferential to the verdict rendered, the Court finds that a reasonable jury could have properly concluded that the Government proved beyond a reasonable doubt that Green and Selgas acted knowingly and willfully. There is ample evidence showing that Selgas was personally involved in using gold coins to attempt to underreport his income or pay his taxes in gold coins. *See, e.g.*, Trial Tr. vol. 8, 17:10-21:14, 62:1-5; Gov't Ex. 10A. Moreover, Green allegedly learned of the "gold coin tax filing" from Selgas. *See* Trial Tr. vol. 8, 96:11-22. A rational jury could have inferred Selgas's scienter from his extensive participation in the alleged conspiracy. *See United States v. Burns*, 162 F.3d 840, 849-50 (5th Cir. 1998).

As for Green, the evidence shows that Green entered an appearance in Tax Court cases for Selgas that resulted in rulings against Selgas. *See* Gov't Exs. 226, 236. In the light most deferential to the verdict, this evidence establishes that Green knew that Selgas owed taxes for the years 1998

to 2008, and that Selgas's tax positions were frivolous.[4] *See* Gov't Exs. 224, 234. Additionally, Green participated in the preparation of a tax statement that reported Selgas's receipt of a $1.5 million settlement share as $178,640 in income, *see* Gov't Ex. 11, and engaged in the improper use of IOLTAs to further conceal Selgas's funds, *see, e.g.*, Gov't Exs. 95, 104, 105, 111-13, 302-07; Trial Tr. vol. 4, 22:8-35:8. Green's and Selgas's significant involvement in the activities that impeded the lawful functions of the IRS, coupled with multiple notices from the IRS advising them that their positions were meritless, is sufficient for the jury to find that they acted with the requisite scienter. *See United States v. Plato*, 593 F. App'x 364, 371 (5th Cir. 2015). At the very least, the evidence was sufficient for the jury to infer scienter from Green's and Selgas's deliberate ignorance. *See, e.g., United States v. Ricard*, 922 F.3d 639, 655 (5th Cir. 2019); *United States v. Wofford*, 560 F.3d 341, 352-53 (5th Cir. 2009); *United States v. Wisenbaker*, 14 F.3d 1022, 1027 (5th Cir. 1994).

c.  *Overt Act*

"An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself." *United States v. Romans*, 823 F.3d 299, 310 (5th Cir. 2016) (quoting *United States v. Pomranz*, 43 F.3d 156, 160 (5th Cir. 1995)). "The overt act need not . . . be criminal in nature or create any danger to the victim or society; it suffices

---

[4] Green asserts that he "could not have had the *mens rea* to conspire to hide money he did not know the Government could seize," because "the Government did not have a valid assessment" and "therefore [had] no legal authority to seize [the money]." ECF No. 209 at 4-5. As an initial matter, the Court has already determined that a formal tax assessment is not essential to prosecution for conspiracy under 18 U.S.C. § 371. *See Selgas*, 2019 WL 7284123, at *2 (citing *United States v. Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019)). Additionally, Green interprets the mens rea requirement too narrowly. Even in the absence of a valid tax assessment, Green was charged with a conspiracy to defraud the United States under 18 U.S.C. § 371, which reaches any "interference or obstruction of a lawful governmental function 'by deceit, craft or treachery or at least by means that are dishonest.'" *United States v. Collins*, 78 F.3d 1021, 1037 (6th Cir. 1996) (indirectly quoting *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924)). Thus, even if the Government was actually aware of Selgas's outstanding tax liability, a rational jury could have concluded that by, for example, raising frivolous tax theories as alleged by the Government, attempting to pay in gold, and using IOLTAs, Defendants knowingly and willfully "worked to delay, to confuse, to impair and impede the IRS." Trial Tr. vol. 9, 23:10-12.

6

if . . . the act furthers the criminal venture." *United States v. Alvarez*, 610 F.2d 1250, 1255 n.5 (5th Cir. 1980) (citations omitted). "Even a unilateral act by a single coconspirator, if in furtherance of the purposes of the agreement, is sufficient under the terms of § 371." *United States v. Girard*, 744 F.2d 1170, 1174 (5th Cir. 1984) (collecting authorities).

The Indictment in the present case charged Defendants with conspiring "for the purpose of impeding, impairing, obstructing, and defeating the lawful Government functions of the IRS in the ascertainment, computation, assessment, and collection of the revenue." ECF No. 1 ¶ 13. In the light most favorable to the verdict, the Court finds that there is sufficient evidence from which the jury could have found the overt act requirement to have been proved beyond a reasonable doubt, including (1) testimony from Revenue Officer Jonathan Daniel detailing his efforts to "determine [Selgas's] ability to pay . . . taxes that are owed," and to initiate a collection action, and explaining that Green responded that Selgas did not owe the Government any taxes, *see* Trial Tr. vol. 4, 201:8-214:15; Gov't Exs. 26, 32, 36; and (2) testimony from Revenue Office Daniel and Revenue Agent Deborah Simmons establishing that Selgas filed "false" tax returns in 1998 to 2001, and 2006, *see* Trial Tr. vol. 5, 76:5-6, 76:13-21, 77:6-12, 160:19-162:12; Gov't Exs. 22-25, 307-08, 310-11. A rational jury could have relied on this testimony and evidence to conclude that Selgas and Green took steps to further their attempt to impede, impair, or obstruct the IRS in the ascertainment, computation, assessment, and collection of taxes.

### d. *Statute of Limitations for Conspiracy*

"The statute of limitations for conspiracy to defraud the United States in violation of 18 U.S.C. § 371 . . . is six years 'where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.'" *United States v. Heard*, 709 F.3d 413, 427 (5th Cir. 2013) (quoting 26 U.S.C. § 6531(8)). The statute of limitations begins to run "from the last overt act of the conspiracy alleged in the indictment and proved at trial." *United States v.*

7

*Hobbs*, Nos. 4:13-CV-222-A, 4:11-CR-151-A-2, 2013 WL 3356288, at *4 (N.D. Tex. July 2, 2013) (quoting *United States v. Mann*, 161 F.3d 840, 856 (5th Cir. 1998)); *see also United States v. Ely*, 140 F.3d 1089, 1090 (5th Cir. 1998) (finding that the indictment was timely brought if, "[t]hough the conspiracy began outside the limitations period, the conspiracy continued, and overt acts were committed within the limitations period" (alteration in original) (citation omitted)). "It is settled law that overt acts charged in an indictment for conspiracy need not be criminal; rather, they may be non-criminal acts which further the conspiracy." *United States v. Willis*, 583 F.2d 203, 207 (5th Cir. 1978).

In the present case, weighing all evidence in a light most deferential to the verdict, a reasonable jury could conclude that the last overt act in furtherance of the alleged conspiracy occurred within the limitations period. *See Hope*, 487 F.3d at 227 (setting forth the Rule 29 standard); *Gentry*, 941 F.3d at 785 (same). The Indictment charged Green with using his IOLTAs to conceal Selgas's funds up to 2017. *See* ECF No. 1 ¶¶ 2, 17-18, 21, 29, 33-41. "Where, as here, [t]he central aim of the [charged] conspiracy extend[s] to concealing" Selgas's income to impede IRS's collection efforts, acts "made solely to aid the concealment are in fact made during and in furtherance of the charged conspiracy." *United States v. Curtis*, 635 F.3d 704, 7137 (5th Cir. 2011) (first alteration in original) (quoting *Mann*, 161 F.3d at 859).

The Government presented evidence in support of its theory at trial, showing that up to 2017 Green and/or Selgas redeemed gold coins and deposited the proceeds into Green's IOLTAs, deposited Selgas's other funds into the IOLTAs, and paid Selgas's credit card bills using the IOLTAs. *See, e.g.*, Gov't Exs. 95, 104, 105, 111-13, 302-07; Trial Tr. vol. 4, 22:8-35:8. The jury also heard testimony on the proper use of IOLTAs, *see, e.g.*, Trial Tr. vol. 4, 74:15-75:18, which the jury could have used to infer that Green intended to engage in the fraud by concluding that he

misused his IOLTAs, *see, e.g., Plato*, 593 F. App'x at 371 (holding that the jury could infer that the defendant intended fraud where documents he was responsible for contained fraudulent statements). It is apparent that, in rejecting Green's statute of limitations defense, *see* ECF No. 174 at 6 (Court's instruction on the defense), the jury did not find Green credible and viewed the evidence as supportive of the Government's theory of the case. The Court finds no basis upon which to set aside the jury verdict. *See Smith*, 739 F.3d at 845 ("[T]he weighing of evidence and the assessment of witness credibility 'is solely within the province of the jury.'" (quoting *Sanchez*, 961 F.2d at 1173)).

Accordingly, the Court finds that a reasonable jury could have properly concluded that Green and Selgas were guilty of conspiracy to defraud the United States, and denies Defendants' Motion for Acquittal as to this Count. *See United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (noting that the court's "inquiry is 'limited to whether the jury's verdict was reasonable'" (citation omitted)).

### (2) *Sufficiency of the Evidence of Tax Evasion*

Under 26 U.S.C. § 7201, the elements of tax evasion are: "(1) willfulness[;] (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax."[5] *United States v. Bolton*, 908 F.3d 75, 88 (5th Cir. 2018) (quoting *Nolen*, 472 F.3d at 377). Weighing all evidence in the light most deferential to the verdict, the Court finds that a rational jury could conclude that the Government proved all of these elements beyond a reasonable doubt.

---

[5] Selgas argues, based on out-of-circuit authority, that a formal tax assessment is a necessary element of tax evasion. *See* ECF No. 212 at 3-7. For the reasons articulated in its prior opinion, however, the Court finds that a formal tax assessment is not required to sustain a conviction for tax evasion. *See Selgas*, 2019 WL 7284123, at *2 (citing *United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006)).

9

a. *Willfulness*

"To prove willfulness, . . . the [G]overnment must show that: (1) the law imposed a duty on the defendant; (2) the defendant knew of that duty; and (3) the defendant voluntarily and intentionally violated that duty." *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009) (citing, among other authorities, *Cheek v. United States*, 498 U.S. 192, 201 (1991)). "Evidence is usually circumstantial as direct proof is rarely available." *United States v. Miller*, 520 F.3d 504, 509 (5th Cir. 2008) (internal quotation mark omitted) (quoting *United States v. Bishop*, 264 F.3d 535, 550 (5th Cir. 2001)). In this case, the Government presented ample evidence demonstrating Selgas's "repeated interactions with the IRS" and a "pattern of conduct" aimed at reducing his tax liability, from which "the jury could infer that [Selgas] knew he had a duty to pay his taxes, yet he voluntarily and intentionally evaded payment." *United States v. Sertich*, 879 F.3d 558, 566 (5th Cir. 2018). Despite repeated notices from the IRS, district and tax courts, and the Fifth Circuit rejecting his tax theories, *see, e.g.*, Gov't Exs. 57, 66, 67, 73, 224, 234, Selgas continued to insist that the IRS accept his gold theory, *see, e.g.*, Trial tr. vol. 8, 17:10-21:14 (testimony of Green, explaining that Selgas brought gold coins to the IRS as payment). A rational jury could view this testimony and exhibits as circumstantial evidence of Selgas's willfulness. *See Sertich*, 879 F.3d at 566. A rational jury could infer willfulness by finding deliberate ignorance. *See, e.g., Ricard*, 922 F.3d at 655.

b. *Tax Deficiency*

To convict a defendant of tax evasion under Section 7201, the Government must prove beyond a reasonable doubt that the defendant actually owes taxes. *See Boulware v. United States*, 552 U.S. 421, 432 (2008) ("There is no criminal tax evasion without a tax deficiency . . . ."). "The Government need not prove the exact income alleged in the indictment []or evasion of the entire tax charged, so long as it is shown that a substantial portion of tax was evaded." *United States v.*

10

*Parr*, 509 F.2d 1381, 1385-86 (5th Cir. 1975). Thus, it is sufficient for "the [G]overnment [to] establish that the [defendant] had unreported taxable income." *Bolton*, 908 F.3d at 89 (citing *United States v. Conaway*, 11 F.3d 40, 43 (5th Cir. 1993)). The Government, in this case, presented exhibits, *see, e.g.,* Gov't Exs. 24, 29A, 29B, testimony from Revenue Officer Daniel and Revenue Agent Simmons, *see, e.g.,* Trial Tr. vol. 4, 184:13-22; Trial Tr. vol. 5, 73:8-74:18, 189:14-190:12, and summary charts, *see* Gov't Ex. 308, demonstrating that Selgas had an outstanding tax liability for the years 1998 to 2002, and 2005. "[G]iven this [C]ourt's high level of deference to the jury's verdict and the mountain of evidence presented at trial in support of the jury's verdict," the Court "holds that the evidence was sufficient to support [Selgas's] conviction[]." *Bolton*, 908 F.3d at 89 (affirming a conviction where the Government presented testimony and charts demonstrating the defendants "'reported' versus their 'corrected' taxable income").

        c.    *Affirmative Act of Tax Evasion or Attempted Tax Evasion*

Felony tax evasion requires the Government to prove that the defendant made "a willful and positive attempt to evade tax in any manner or to defeat it by any means." *United States v. Williams*, 928 F.2d 145, 147 (5th Cir. 1991) (quoting *Spies v. United States*, 317 U.S. 492, 499 (1943)). "Affirmative acts that satisfy th[is] . . . element include keeping double sets of books, concealment of assets, or 'any conduct, the likely effect of which would be to mislead or to conceal.'" *Bolton*, 908 F.3d at 89 (quoting *Miller*, 588 F.3d at 907). For example, the Fifth Circuit has found this element satisfied where a business owner "used cashier's checks . . . to pay . . . staff instead of using checks from a business account" to "avoid having money in a bank account that the IRS could assess." *Setrich*, 879 F.3d at 566 (citing *Wisenbaker*, 14 F.3d at 1025). Similarly, the evidence in this case showed that Selgas hindered the Government's ability to assess his funds

11

by using Green's IOLTAs in lieu of personal bank accounts,[6] Trial Tr. vol. 4, 35:9-37:7, 194:19-195:20, 207:21-208:10, 227:20-228:3, 228:15-229:17, and transferred real property to a trust to avoid having real property in his name, Trial Tr. vol. 3, 219:11-21, 226:15-18; Trial Tr. vol. 4, 228:4-14. This evidence is sufficient for a rational jury to conclude that the Government proved that Selgas engaged in conduct the likely effect of which would be to mislead or conceal.

In the light most favorable to the verdict, the Court finds that the evidence is sufficient for a rational jury to conclude that the Government proved all of the elements of tax evasion beyond a reasonable doubt.

### B. *Motions for a New Trial*

Federal Rule of Criminal Procedure 33(a) allows the court to, "[u]pon the defendant's motion, . . . vacate any judgment and grant a new trial if the interest of justice so requires." "[M]otions for new trial are not favored, and are granted only with great caution." *United States v. O'Keefe*, 128 F.3d 885, 898 (5th Cir. 1997) (citation omitted). The district court has broad discretion in determining whether the weight of the evidence supports the verdict. *See United States v. Robertson*, 110 F.3d 1113, 1118 (5th Cir. 1997). While the court must weigh the evidence and assess the credibility of witnesses in determining whether to grant the motion, *see United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005), the court should not set aside a verdict unless "[t]he evidence . . . preponderates heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand," *Robertson*, 110 F.3d at 1118 (citing *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985)).

---

[6] In his Motion for Acquittal, Selgas argues that he "could not evade the payment of taxes for the years 1998 through 2002 because the IRS failed to process valid returns and the statute of limitations of 3 years expired on April 11, 2009." ECF No. 212 at 16. The limitations period for tax evasion begins to run from the latter of: (1) the defendant's willful failure to file a tax return; or (2) a defendant's last act of evasion. *See United States v. Irby*, 703 F.3d 280, 284 (5th Cir. 2012). Here, the Government submitted sufficient evidence that Selgas's use of Green's IOLTAs occurred within the limitations period. *See supra* § II(A)(1)(c).

In this case, Defendants seek a new trial on the basis of: (1) the weight of the evidence; (2) the Court's ruling excusing Don Gary ("Gary"); (3) the Government's reference to Swiss bank accounts; (4) the Court's acquittal of Michelle Selgas; (5) purported errors and omissions in the Court's Charge to the Jury; and (6) the admission of certain testimony. As explained below, none of Defendants' arguments warrant a new trial in this case.

### (1) *Weight of the Evidence*

Defendants assert that a new trial is necessary because the evidence weighs heavily against the verdict. *See* ECF No. 210 at 1; ECF No. 213 at 5-10. The Court has examined the evidence and testimony in this case, and, for the reasons stated above, finds that the weight of the evidence does support the jury's verdict, and no manifest injustice will be done in letting it stand. *See Robertson*, 110 F.3d at 1118 (citing *Martinez*, 763 F.2d at 1312-13); *United States v. Okwilagwe*, Crim. No. 3:16-CR-0240-B, 2019 WL 493790, at *5 (N.D. Tex. Feb. 7, 2019).

### (2) *Excusal of Don Gary*

Green contends that the Court erred in "[s]triking" the subpoena of Gary, "which prevented the defense from using a key witness" such that "the interests of justice require a new trial." ECF No. 210. The Court excused Gary after conducting a hearing outside of the presence of the jury on January 13, 2020, regarding Gary's assertion of his Fifth Amendment right against self-incrimination. *See* ECF No. 206. During this hearing, the Court also questioned Gary *in camera* to determine the proper "boundaries of the [asserted] privilege . . . in relation to the testimony sought by [Defendants]." *United States v. Mares*, 402 F.3d 511, 514 (5th Cir. 2005). The Court sustained Gary's assertion of privilege because it was "not '*perfectly clear*, from a careful consideration of all the circumstances in the case, that [Gary was] mistaken, and that [his] answer[s] *[could not] possibly* have such tendency' to incriminate." *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (citation omitted). Additionally, the Court examined the topics

13

Defendants sought to raise with Gary and determined that Gary "could legitimately refuse to answer essentially all relevant questions." *Mares*, 402 F.3d at 514 (quoting *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980)). Accordingly, the Court's excusal of Gary does not warrant a new trial.

### (3) *Swiss Bank Account*

According to Green and Selgas, a new trial is required because "[t]he Government falsely argued during the trial . . . that there existed so called 'Swiss bank accounts.'" ECF No. 210 at 3-5; ECF No. 213 at 23-24. "A prosecutor is confined in closing argument to discussing properly admitted evidence and any reasonable inferences or conclusions that can be drawn from that evidence." *United States v. Mendoza*, 522 F.3d 482, 491 (5th Cir.), *cert. denied*, 555 U.S. 915 (2008). "A prosecutor may not directly refer to or even allude to evidence that was not adduced at trials," *id.* (internal quotation marks omitted) (quoting *United States v. Murrah*, 888 F.2d 24, 26 (5th Cir. 1989)), and may not "make an appeal to passion or prejudice calculated to inflame the jury," *United States v. Raney*, 633 F.3d 385, 395 (5th Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Crooks*, 83 F.3d 103, 107 n.15 (5th Cir. 1996)). Here, the Government referred to money being wired "from bank accounts from Switzerland," ECF No. 208 at 81:4-5, which was based on multiple transfers from a Swiss bank to Green's IOLTA in 2009, *see* Gov't Ex. 302. Thus, the Government's reference to a Swiss bank account was supported by evidence. Regardless, immediately after this reference, the Court instructed the jury to "rely on the evidence they see and their memories" and that the reference was merely "argument of counsel." ECF No. 208 at 81:9-12. In light of this cautionary instruction and the weight of the evidence in favor of Defendants' guilt, the Court finds that any prejudice to Defendants from this comment did not

affect the outcome.[7] *See United States v. Turner*, 674 F.3d 420, 439 (5th Cir.), *cert. denied*, 568 U.S. 898 (2012).

### (4) *Acquittal of Michelle Selgas*

Green contends that he is entitled to a new trial because the Court instructed the jury that "[t]he charges against Michelle Selgas [were] removed from [the jury's] consideration and are no longer before [the jury] for decision," that the jury should "not concern [itself] with this development and [should] not speculate about it," and that "[t]he removal of this portion of the case must not influence [the jury's] consideration of" Selgas's and Green's case. ECF No. 174 at 5; ECF No. 210 at 5-6. The parties were consulted prior to the issuance of this instruction and did not object to it. *See* ECF No. 207 at 133:5-20; *see also United States v. Percel*, 553 F.3d 903, 909 (5th Cir. 2008). Nothing about Michelle Selgas's Rule 29 acquittal leads to the conclusion that the "interests of justice" require a new trial. FED. R. CRIM. P. 33(a).

### (5) *Objections to Court's Charge to the Jury*

In his Motion for a New Trial, Selgas objects to various portions of the Court's Charge to the Jury: (1) the instruction on the statute of limitations for tax evasion; (2) the Fifth Circuit pattern jury instruction for tax evasion; (3) the fact that the Court instructed the jury on the alleged conspiracy in the disjunctive sense—i.e., a conspiracy to impede, impair, obstruct, *or* defeat— whereas the Indictment charged Selgas in the conjunctive sense—i.e., a conspiracy to impede, impair, obstruct, *and* impede; (4) the fact that the Court refused to give "several instructions that would give the jury guidance as to Selgas' expectations regarding what he believed the law required of him and the IRS"; and (5) the Court's instruction that the Government does not need

---

[7] The Court also rejects Selgas's arguments that he is entitled to a new trial because the Government described certain of Selgas's tax returns as "false returns." *See* ECF No. 213 at 20-23. The Government's description of the returns as false was supported by competent evidence. *See Mendoza*, 522 F.3d at 491.

15

to prove that the IRS formally assessed, or determined, the amount of tax due and owing. *See* ECF No. 213 at 3-5, 10-17. Only the last objection was raised at trial. *See* ECF No. 207 at 137:11-138.

As an initial matter, the Court finds that Selgas's objections are without merit. The Court's instructions regarding the statute of limitations for tax evasion, the elements of tax evasion, and the elements of conspiracy are supported by relevant caselaw. *See Bolton*, 908 F.3d at 88 (supporting the pattern instruction for tax evasion); *United States v. Bennett*, 874 F.3d 236, 257 (5th Cir. 2017) (explaining that "'a disjunctive statute may be plead[ed] conjunctively and proved disjunctively'" (citation omitted)); *Irby*, 703 F.3d at 284 (supporting the statute of limitations instruction); *Nolen*, 472 F.3d at 377 (explaining that a formal tax assessment is not required to prove tax evasion). Additionally, Selgas's proposed instructions on the statutory functions of the IRS were probably omitted because these instructions did not concern an important point in the trial. *See United States v. McLaughlin*, 739 F. App'x 270, 271-72 (5th Cir. 2018) (quoting *United States v. Jobe*, 101 F.3d 1046, 1059 (5th Cir. 1996)).

As Selgas did not object during trial to the instructions he now challenges and as Selgas's post-trial objections are without merit, the Court finds that its charge to the jury did not result in "a miscarriage of justice" that would justify a new trial. *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)).

### (6) *Evidentiary Objections*

Selgas contends that he is entitled to a new trial because the Court allowed testimony from Cameron Lalli about the American Rights Litigators ("ARL"), and from Michelle Volk about Selgas's tax views and issues while Selgas was employed with a company called "ChipData." *See* ECF No. 213 at 17-20. Selgas did not raise these objections at trial.[8] Even if the admission of this

---

[8] Selgas incorrectly contends that this objection was raised at trial when counsel for Michelle Selgas objected to the Government's question that sought to establish that the individual in charge of ARL was indicted and found guilty.

16

testimony was erroneous, the Court finds that its admission did not have "such a substantial and prejudicial impact on the verdict" in "light of the whole record" that "the interest of justice would require a new trial." *United States v. Vento*, Crim. A. No. 1:19-CR-664, 2020 WL 1041371, at *4 (S.D. Tex. Mar. 4, 2020); *see also Wall*, 389 F.3d at 466 ("A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant."). Selgas had ample opportunity to cross-examine the witnesses about these topics, and the Court finds no basis upon which to vacate the verdict here. *See United States v. Thompson*, 945 F.3d 340, 347 (5th Cir. 2019) (quoting *United States v. Dula*, 989 F.2d 772, 778 (5th Cir. 1993)).

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Green's Motion for Acquittal [ECF No. 209], Green's Motion for a New Trial [ECF No. 210], Selgas's Motion for Acquittal [ECF No. 212], and Selgas's Motion for a New Trial [ECF No. 213].

**SO ORDERED.**

SIGNED April 21, 2020.

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE

---

*See* Trial Tr. vol. 4, 161:10-164:4. The Court *sustained* Defendants' objection and the Government did not elicit this testimony. No party otherwise objected to testimony about ARL or Selgas's time at ChipData.

17