IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CASE #3:18-CR-0356-S |
| Plaintiff, | § | JUDGE KAREN GREN SCHOLER |
| VS. | § | |
| THOMAS D. SELGAS (01),<br>JOHN O. GREEN (03), | § | |
| Defendants. | § | |

**DEFENDANT THOMAS SELGAS
MOTION FOR BOND PENDING APPEAL**
(Obviously opposed)

Pursuant to 18 U.S.C. §3143, Selgas moves this Honorable Court for an order granting him bond pending the appeal of his convictions herein to the United States Court of Appeals for the Fifth Circuit. As grounds for this motion, Selgas shows as follows:

1. He will timely file notice of appeal of his convictions in this case to the court of appeals shortly after sentencing;

2. He poses no threat or potential for harm to the community and is otherwise a law-abiding citizen, excepting for the matters involved in this case;

3. He poses no risk of flight;

4. He intends to raise, as explained below, at least one issue on appeal that, if decided in his favor, would result in the reversal of his convictions.

**I. Standard for Release on Bond Pending Appeal.**

18 U.S.C. §3143(b) governs the process of release on bond pending appeal of a criminal conviction, and the determinative criteria for such release are as follows:

1. That the defendant is not likely to flee and poses no danger to the safety of any person

1

or the community at large;

    2. That the defendant intends to appeal his convictions and that such appeal is not pursued for the purpose of delay;

    3. That the appeal raises substantial questions of law or fact likely to result in a reversal or new trial.

    The case of *United States v. O'Keefe*, 169 F.3d 281 (5th Cir. 1999) held:

> To obtain release pending appeal, a convicted defendant must establish four factors: (1) that he is not likely to flee or pose a danger to the safety of others; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without punishment, or in a sentence with reduced imprisonment. 18 U.S.C. §3143(b).

    Selgas has met the first two prongs of the O'Keefe standards.

1. he is not likely to flee or pose a danger to the safety of others.
   Selgas has no criminal record, has substantial ties with family and friends and rather than being a danger to the safety of other, he known for being of help and assistance to thosein need; and
2. the appeal is not for purpose of delay, because he has substantial issues.

 Selgas also meets the third and fourth prongs:

3. the appeal raises a substantial question of law or fact; and
4. the substantial question, if decided favorably to the defendant, is likely to result in reversal, in an order for a new trial, in a sentence without punishment, or in a sentence with reduced imprisonment.

    The third and fourth prongs are addressed below in more detail.

    Selgas does intend to file a timely Notice of Appeal. His appeal will raise several substantial questions. The primary ones are as follows:

    Selgas was convicted of under 26 U.S.C. §7201, evasion of the payment of income tax. *Sansone v. United States*, 380 U.S. 343, 351 (1965) lists the elements of income tax evasion in general, i.e.,

1. Willfulness;
2. The existence of a tax deficiency;
3. An affirmative, or overt act of evasion.

Selgas filed tax returns for the years 1998 to 2002 that correctly reported no income taxes were due. The IRS treated these returns as false an ignored the payments of withholding from ChipData and the Net Operating Losses reported on the returns. Instead, PSR added the taxes the IRS claimed due as part of the tax loss. Selgas did not owe any taxes for the years 1998-2002.

Selgas filed Statements for the years 2005 and on. They were "*Beard* Returns" allowed under 26 U.S.C. §6011. The IRS treated them as no returns filed and the Court did not charge the jury with instructions regarding the "*Beard* returns" as requested. This prevented the jury from knowing that Selgas has a good faith belief. Thus, the government failed to shoulder its burden proving willfulness.

In addition, the IRS received the self-assessment made by Selgas for the year 2005 and did not apply it to the year 2005. Per *United States v. Galette*, 541 U.S. 114 (2004) the self-assessment triggered the requirement of the IRS to follow the Notice of Deficiency and Notice and Demand procedures. According to *Perez v. United States*, 312 F.3d 191, 196 (5th Cir. 2002) these "procedures are 'a cut-and-dry notice requirement—the stuff of basic procedural due process.'" Thus, Selgas was denied his civil due process. Thus, Selgas could not be required to pay taxes, and the IRS had no authority to collect taxes, as a matter of law until the cut and dry procedures of Notice of Deficiency and Notice and Demand were completed.

The *Galletti*, case also made it clear that there were two types of assessment. One of them was a self-assessment, which Selgas made for the year 2005. 26 U.S.C. §6211 defines a deficiency as "the amount by which tax imposed … exceeds the excess of … (1)(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer." The Supreme Court in *Sansone v. United States*, 380 U.S. 343, 351 (1965) made it clear that the elements of income tax evasion included the "existence of a tax deficiency." Pursuant to *Galletti*, *supra*, and *Perez*, *supra*, there is no deficiency determined for Selgas. Thus, the government failed to shoulder its burden proving the existence of a tax deficiency.

The government also falsely claimed that Selgas transferred his residence into a trust to hide it from the IRS. This claim was made even though the public record established that the property was SOLD for valuable consideration. Thus, the government failed to shoulder its burden proving an overt act.

Selgas was also charged with conspiracy to defraud the IRS lawful function. The focal point of the government was the alleged hiding of funds from the IRS in an IOLTA account. The IRS was fully aware of the IOLTA and Selgas as early as 2009 from the records of CitiBank, which provided the IRS documents on 3/13/2009 (Gov Ex 261-4) showing the IOLTA had funds from Selgas. This, was also used as an alleged overt act in the evasion charge. But, even though the IRS had knowledge of the IOLTA, it did not make any attempt to subpoena or summons the IOLTA under 26 U.S.C. §7609.

There are the major substantial issues. There are several, which are substantial issues and are all detailed in Selgas's Motions for Reconsideration for the denial of the Rule 29 and 33 motions. (Doc 272 for Rule 29 and its Brief Doc 273) (Doc 274 for Rule 33 and its Brief Doc 287). Any one of them will likely result in a reversal or a new trial.

§3143(b) requires that at least one of the issues for review in the court of appeals raises a substantial question of law or fact likely to result either in a reversal or a new trial. This standard does not address itself to the point of whether the district court or the court of appeals harbors any opinion or belief that error was committed during the course of the trial; to the contrary, it is presumed by such courts that known error does not exist. The standard is solely addressed to the caliber of the issue or issues for appeal. If the error is slight or trivial and of the kind which does not require reversal if decided in the favor of the appellant, then bond is not to be granted. However, if the error of which there is complaint is major and involves something greater than harmless error, and is of the type that if the appellant prevails a reversal or new trial is likely, then bond is to be granted.

Here, Selgas intends to raise on appeal the issues raised in his Motions for Reconsideration of Order Denying Rule 33 Motion for New Trial, and his Motion for Reconsideration of Order

Denying Rule 29 Motion for Acquittal.

## CONCLUSION

When considering whether a court should grant bond pending appeal, that "court must determine that the question raised on appeal is a 'substantial' one, *i.e.* it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." *United States v. Miller*, 753 F. 2d 19, 23 (3rd Cir. 1985). The issues Selgas intends to raise on appeal are certainly substantial and he should be granted reasonable bond pending appeal.

Respectfully submitted this the 21st day of June, 2021.

        s/ *Charles E. McFarland*
        Charles E. McFarland Ohio Bar 0031808
        Attorney at Law
        338 Jackson Rd.
        New Castle, Kentucky 40050
        mcfarlandc@bellsouth.net
        Office (502) 845-2754
        Cell (502) 232-5084

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 21, 2021, the foregoing Motion for Release Pending Appeal was filed using ECF, which will notify all counsel of record.

        s/ *Charles E. McFarland*
        Charles E. McFarland (Ohio Bar 0031808)