IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:18-cr-356-S |
| | § | |
| THOMAS SELGAS (1) | § | |

## ORDER DENYING RELEASE PENDING APPEAL

A jury found Defendant Thomas Selgas guilty of conspiring to defraud the United States, in violation of 18 U.S.C. § 371, and tax evasion, in violation of 26 U.S.C. § 7201. The District Judge sentenced him to 18 months' incarceration, followed by a three-year term of supervised release, and further ordered him to pay a $15,000 fine and $1,323,776.92 in restitution. *See* J. (ECF No. 302). Selgas filed a notice of appeal (ECF No. 311) and a motion under 18 U.S.C. § 3143(b) seeking release on bond pending appeal. The District Judge referred Selgas's motion for release to the undersigned United States magistrate judge for determination, and unless the Court grants the motion, Selgas must self-report to prison on July 20, 2021. J. 2. For the following reasons, the Court DENIES Selgas's motion for release (ECF No. 294).

Section 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment must be detained unless the court finds, among other things, that the defendant has filed an appeal that raises a substantial question of law or fact that is likely to result in a reversal, a new trial,

1

or a lower sentence.[1] More specifically, a substantial question of law or fact that satisfies the relevant standard is:

> one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

*United States v. McBirney*, No. 3:04-CR-059-D, 2006 WL 8449824, at *1 (N.D. Tex. Oct. 25, 2006) (citing 18 U.S.C. § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985)).

To meet his burden to show he is entitled to release pending appeal, Selgas relies on the following arguments: (1) the government did not prove the existence of a tax deficiency for the tax years for which he was convicted of evading; (2) the Court declined to instruct the jury on "Beard" returns providing that Selgas had a good faith belief; and (3) the government did not prove overt acts of the conspiracy or affirmative acts of evasion.[2] Selgas previously presented several of these

---

[1] The other elements of § 3143(b) are not in dispute. *See* Resp. 3 & n.2 (ECF No. 318); Reply 5 (ECF No. 320). The Court finds Green is not a flight risk; he does not pose a danger to the community; and he is not prosecuting this appeal for purposes of delay.

[2] Selgas also asserts he is entitled to relief based on other "issues raised in his Motions for Reconsideration of Order Denying Rule 33 Motion for New Trial, and his Motion for Reconsideration of Order denying Rule 29 Motion of Acquittal." But he does not identify any particular issue with specificity. The court thus cannot examine whether any other issue would give rise to a substantial question on

arguments to the District Judge, and she rejected them. *See United States v. Selgas,* 2020 WL 1940838 (N.D. Tex. Apr. 21, 2020); *United States v. Selgas*, 2019 WL 7284123 (N.D. Tex. Dec. 27, 2019). Also, the Court has conducted an independent review of Selgas's arguments, the record, and the relevant law, and finds that Selgas has not established the existence of a substantial question of law or fact that is likely to result in reversal, an order for a new trial, or a lower sentence.

The standards of review applicable to Selgas's arguments on appeal are not favorable to his success. The Fifth Circuit's review of his challenges to the sufficiency of the evidence will be deferential to the verdict, asking whether "*any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt*" when viewing the evidence in the light most favorable to the prosecution. *United States v. Moreno-Gonzalez*, 662 F.3d 369, 372 (5th Cir. 2011) (emphasis in original). And the Court agrees with the District Judge that the government presented sufficient evidence—in the form of exhibits, witness testimony, and summary charts—demonstrating that Selgas had an outstanding tax liability for the years 1998 to 2002, and 2005. *United States v. Selgas*, 2020 WL 1940838, at *5. The Court also agrees that the evidence presented at trial was sufficient to show Selgas engaged in overt acts in furtherance of the conspiracy, as well as affirmative acts to evade the collection of taxes. *Id.* at *4.

---

appeal. Selgas's attempts to use this vague assertion to raise new issues in his reply are inappropriate.

To the extent Selgas argues his conviction is invalid because he was denied due process when the IRS failed to follow its own regulations, the Court finds that the cases on which he relies, *Galletti* and *Perez,* are inapposite and do not establish the existence of a substantial question of law or fact that is likely to result in reversal or an order for a new trial. As the District Judge previously determined, "[a] 'formal assessment' of a tax is not required to sustain a conviction for a conspiracy under 18 U.S.C. § 371, . . . or for tax evasion under 26 U.S.C. § 7201." *Selgas*, 2019 WL 7284123, at *2 (citing *United States v. Tinghui Xie*, 942 F.3d 228, 240 (5th Cir. 2019) and *United States v. Nolen*, 472 F.3d 362, 377 (5th Cir. 2006)).

Finally, because Selgas did not object at trial to the District Judge's refusal to instruct the jury on the "Beard" returns, the Fifth Circuit will review his arguments regarding the jury instructions for plain error, asking if the error was a "clear or obvious error that affects his substantial rights" and "meant the difference between acquittal and conviction." *United States v. Fairley*, 880 F.3d 198, 208 (5th Cir. 2018); *United States v. Gordon*, 346 F.3d 135, 137 (5th Cir. 2003). In view of these standards, the court finds that Selgas's arguments do not raise significant doubt as to their resolution.

For the reasons stated, and—to the extent the District Judge addressed similar arguments—the reasons set out in the District Judge's prior opinions, the Court holds that Selgas has not demonstrated a substantial question of law or fact that is likely to result in reversal or an order for a new trial. Therefore, the Court DENIES Selgas's motion for release on bond pending appeal (ECF No. 294).

SO ORDERED.

July 9, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE